United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAVONNE BAKER,<br>        Plaintiff,<br>   v.<br>SANTA CLARA UNIVERSITY,<br>        Defendant. | Case No. 17-cv-02213-EJD  (VKD)<br><br>**ORDER RE JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 54 |

In this action, plaintiff LaVonne Baker asserts claims for race, gender, and disability discrimination and retaliation against defendant Santa Clara University ("SCU"). Before the Court is Ms. Baker's request for a protective order against discovery relating to her prior employment by non-party Models International. Dkt. No. 54 at 1 and n.1. The parties jointly submitted a discovery letter brief on July 9, 2018.

For the reasons set forth below, the Court GRANTS Ms. Baker's motion for a protective order.

**1.    SCU's Subpoena to Non-Party Models International**

On May 29, 2018, defendant SCU served a subpoena on Ms. Baker's former employer, Models International, seeking the following documents:

> All records, including all electronically stored information, relating to [LaVonne Baker's] employment, including but not limited to:
>
>     a.   Personnel records including employment application/resume, performance evaluations, records of disciplinary action, disability

      [sic] claims, workers compensation claims, and medical records[1]
pertaining to the individual's employment;

      b. Payroll records including salary, wages, commissions or other remuneration paid or held by the employer, W-2 forms, time sheets and records of time off the job and reasons therefore, including sick leave and vacation.

*Id.*, Ex. 1, attachment. The parties do not say when Ms. Baker worked for Models International or what her position was with that company. The Court notes that the subpoena includes a remark that Ms. Baker was a receptionist at Models International in 2002. *Id.*

Ms. Baker objects that the subpoena seeks documents that are not relevant to any claim or defense in the case, and that SCU's request for production of such documents is intended to harass, embarrass, and malign her. *Id.* at 1. SCU responds that the discovery it seeks is relevant to whether Ms. Baker has a propensity to be unreasonably offended by otherwise non-actionable conduct in the workplace, and whether she has a "custom and habit" of disciplinary issues, disputes with co-workers, and claims (presumably, unfounded) of discrimination or retaliation. *Id.* at 4. In addition, SCU says the discovery is relevant to issues of damages and causation. *Id.* at 3–4. The parties' submission does not reflect whether Models International has objected to the subpoena on any ground.

### 2. Legal Standard

The Court construes Ms. Baker's challenge to SCU's non-party subpoena as a motion for a protective order under Federal Rule of Civil Procedure 26(c). Although she does not frame her challenge in terms of a constitutional right to privacy in her employment records, Ms. Baker clearly has an interest in the discovery of those records from a prior employer, even though the discovery is not sought directly from her.

The scope of discovery permitted by subpoena under Rule 45 is the same as that permitted under Rule 26. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Accordingly, for purposes of assessing Ms. Baker's challenge to SCU's

---

[1] SCU has agreed to not seek medical records via subpoena to Models International, so that portion of the subpoena is not at issue in this dispute. Dkt. No. 54 at 3 n.2.

1 subpoena to Models International, the Court measures the discovery sought against the
2 requirements of Rule 26(b)(1). SCU bears the burden of demonstrating that the discovery it seeks
3 is both relevant to the claims or defenses in the action and proportional to the needs of the case.

### 3. Scope of Permissible Discovery of Former Employment

Ms. Baker's primary objection to the discovery SCU seeks from Models International is that the information is not relevant to any claim or defense. Ms. Baker's complaint asserts claims for discrimination and retaliation on multiple grounds. She alleges that the discrimination has manifested itself in a variety of forms, including denial of promotions that went to less qualified people, harassing race- and gender-based comments, failure to accommodate her medical needs during and after pregnancy, failure to engage in an interactive process to accommodate her medical needs, and retaliation in the form of increased scrutiny and unreasonable disciplinary action. Ms. Baker alleges that, as a result of SCU's conduct, she suffered a variety of physical, mental, emotional, and economic injuries for which she seeks damages. *E.g.*, Dkt. No. 1 ¶¶ 25, 32, 33, 39, 48, 66. SCU denies Ms. Baker's claims and asserts a number of defenses, including lack of causation and failure to mitigate damages. *E.g.*, Dkt. No. 11 at 7–10.

SCU has not shown that the records it seeks in its subpoena to Models International are relevant to any claim or defense in this case.

First, given Ms. Baker's claim that SCU's conduct caused her to suffer extensive injuries, information bearing on the question of what caused those injuries could well be relevant to SCU's defenses in this case. But SCU has not shown it has any reason to believe that Ms. Baker's experience while employed by Models International caused some or all of the same harm she now claims in this case. SCU says Ms. Baker testified in her deposition that Models International retaliated against her. *Id.* at 3. Ms. Baker acknowledges that she felt Models International treated her poorly due to her protected characteristics, but disputes that such treatment caused her any emotional distress. *Id.* at 2. The parties did not provide a transcript of the relevant portion of Ms. Baker's testimony with their joint submission. Even if the Court credits SCU's characterization of Ms. Baker's testimony, that testimony without more does not suggest her prior employment experience at Models International in 2002—more than 10 years before the events giving rise to

her claims in this case—caused some or all of the physical, mental, or emotional injuries she alleges here, or that she has ever made such a claim. On the record before the Court, SCU's assertion that her prior employment experience might have resulted in injuries like the ones she is claiming here is too speculative to justify the expansive request to Models International for all of Ms. Baker's employment records.[2]

Second, SCU acknowledges that it seeks Ms. Baker's prior employment records because it wishes to discover whether she has a propensity to be unreasonably offended in the workplace or has habit of complaining about co-workers, discrimination, or retaliation. Such information is inadmissible for the purpose SCU advocates under Federal Rule of Evidence 404(a), which provides in relevant part, "[e]vidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith," and SCU identifies no other issue to which this information might be relevant.

Third, although Ms. Baker has put her qualifications at issue by claiming that she should have been promoted to Acting Watch Commander or Watch Commander over other less qualified candidates, and that she should have at least been interviewed for the Transportation Services Manager position, SCU has not demonstrated that Ms. Baker's employment as a receptionist at Models International in 2002 has any bearing on the qualifications at issue in this case. Similarly, although Ms. Baker's claim that she suffered lost wages and lost earning capacity puts at issue her earnings history and her ability to mitigate economic damages, SCU has not shown that Ms. Baker's prior employment a decade ago in a different position is relevant to this issue either.

Finally, as noted above, SCU states that it no longer seeks Ms. Baker's medical records via a subpoena to her former employer. The Court accepts that representation, and deems those records no longer at issue for purposes of the subpoena.

//

//

---

[2] SCU apparently already has access to Ms. Baker's medical records. Dkt. No. 54 at 4. If that is the case, SCU likely has whatever information it needs to ascertain whether Ms. Baker suffered from physical, mental, or emotional problems that pre-date the alleged discrimination by SCU.

For the foregoing reasons, Ms. Baker's motion for a protective order is GRANTED. SCU shall provide a copy of this order to non-party Models International no later than July 27, 2018.

**IT IS SO ORDERED.**

Dated: July 25, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge