UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAVONNE BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA UNIVERSITY,<br><br>    Defendant. | Case No. 17-cv-02213-EJD (VKD)<br><br>**ORDER RE JOINT DISCOVERY LETTER BRIEF RE PRODUCTION OF ESI**<br><br>Re: Dkt. No. 65 |

Plaintiff LaVonne Baker asks for an order requiring defendant Santa Clara University ("SCU") to produce all responsive, electronically stored information in native format. Dkt. No. 65 at 2. The parties jointly submitted a discovery letter brief on July 27, 2018. Resolution of this dispute does not require a hearing.

For the reasons set forth below, the Court denies, without prejudice, Ms. Baker's request for an order compelling production of electronically stored documents in native format.

Ms. Baker served 54 requests for the production of documents on May 31, 2018. *Id.*, Ex. 1. Her document requests included a single request that purports to cover the format of production for all documents responsive to the other 53 requests. Request for Production No. 54 states:

> With respect to each request, produce all documents in native format, including electronically stored information, metadata, and all metadata fields. Do not do anything that strips, removes, changes, limits, or otherwise alters the actual electronically stored information and metadata fields of any document that exists in an electronic format. Ensure that all such evidence remains intact, undisturbed, and is produced with each and every electronic document.

*Id.*, Ex. 1.

SCU produced over 2,500 pages of documents in response to Ms. Baker's document

requests. *Id.* at 3. SCU objected to Request No. 54, and produced all documents in .pdf format without metadata. *Id.* at 1, 3; Ex. 2. SCU does not contend that the documents it produced are maintained in .pdf format in the usual course of its business.

Ms. Baker's primary argument for the re-production of SCU's electronically stored documents appears to be that having these documents (particularly email) in native format "is very useful in identifying missing 'parent emails'[,] 'child emails'[,] hidden attachments[,] altered electronic records[,] and other electronic activity having the usefulness of establishing the existence of electronic records that have not been produced."[1] *Id.* at 2. Essentially, Ms. Baker contends that having these documents in native format will allow her to more easily discover if SCU has omitted responsive documents from its production.

SCU states, without contradiction, that it attempted to engage Ms. Baker's counsel in a discussion of the search and production of electronically stored information more than a year ago in connection with the parties' obligations under Rule 26(f),[2] and that Ms. Baker's counsel did not meaningfully engage in the required discussion. *Id.* at 2–3. SCU points out that Ms. Baker delayed her demand for production in native format until late in the fact discovery period. *Id.* at 3. SCU objects that producing responsive documents now in native format with metadata will be "time consuming, burdensome, and expensive." *Id.* at 5. SCU does not elaborate beyond this conclusory statement regarding the nature or extent of the undue burden it claims.

Neither party has complied with the rules and guidelines that govern the production of electronically stored information. Rule 34(b)(2) requires a party responding to document requests to object to a requested form of production for electronically stored information, and to state the form or forms of production it intends to use. Fed. R. Civ. P. 34(b)(2)(D). Absent agreement or Court order regarding the form of production, the responding party must produce documents as

---

[1] Ms. Baker also states: "It is useful in employment cases for establishing whether decision-makers had knowledge of complaints, whether they were included in discussions about the Plaintiff, and identifying additional people involved in addressing substantive facts thereby leading to the discovery of additional witnesses and conduct weighing on knowledge, intent, action, as well as inaction." Dkt. No. 65 at 1-2. This observation appears to concern the substance of responsive documents; it does not address the format of their production.
[2] Fed. R. Civ. P. 26(f)(2), (3)(C).

2

they are kept in the usual course of business, or it must organize and label its production to correspond to the categories of documents sought in the requests. Fed. R. Civ. P. 34(b)(2)(E)(i). Here, while SCU objected to the form of production demanded by Ms. Baker in response to Request No. 54, it did not specify the form of production it intended to use, and it apparently did not organize and label its production to correspond to the categories in Ms. Baker's requests.

For her part, Ms. Baker appears to have utterly failed to comply with the requirements of Rule 26(f) and this Court's Guidelines for the Discovery of Electronically Stored Information by refusing to meaningfully engage in any discussions early in the case about the search and production of documents stored in electronic format.

The parties now find themselves in a dispute two weeks before the close of fact discovery that might have been avoided had they both complied with their respective and mutual discovery obligations. The Court's resolution of this dispute is guided by the dual requirements of relevance and proportionality in Rule 26(b)(1). Ms. Baker's primary argument for demanding production of documents in native format is that such production might reveal that SCU has not produced all of the documents it should have. SCU's document production is not particularly voluminous, and Ms. Baker has had nearly a month to review it. Absent a specific, articulable basis for believing SCU has not complied with its discovery obligations, Ms. Baker does not have a compelling reason for demanding that SCU re-produce its entire responsive document production in native format simply because she might find something missing. At the same time, SCU has not made any showing that re-producing some or all of its production in native format would be unduly burdensome.

Accordingly, at this time the Court will not require SCU to re-produce in native format the documents it has already produced in .pdf format. The Court's denial of Ms. Baker's present request is without prejudice. If Ms. Baker identifies particular documents or specific categories of documents for which she requires metadata or production in native format, she should make a request for re-production of those documents to SCU, together with an explanation of why re-production is necessary, as SCU has invited her to do already. If the parties cannot agree on whether or to what extent re-production may be necessary or justified, they may bring their dispute

3

before the Court pursuant to the Court's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

Dated: July 31, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge