UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAVONNE BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA UNIVERSITY,<br><br>    Defendant. | Case No. 17-cv-02213-EJD (VKD)<br><br>**ORDER RE JOINT DISCOVERY LETTER BRIEF RE RULE 30(b)(6) DEPOSITION OF DEFENDANT**<br><br>Re: Dkt. No. 64 |

Plaintiff LaVonne Baker asks for an order compelling defendant Santa Clara University ("SCU") to produce a representative to testify to certain topics noticed for deposition under Rule 30(b)(6). Dkt. No. 64 at 2. The parties jointly submitted a discovery letter brief on July 27, 2018. Resolution of this dispute does not require a hearing.

For the reasons set forth below, the Court denies Ms. Baker's motion to compel deposition testimony of SCU, without prejudice.

On May 31, 2018, Ms. Baker noticed a Rule 30(b)(6) deposition of SCU, including the following topics, which are the subject of the parties' dispute:

Topic 1: Defendant Santa Clara University's affirmative defenses.

Topic 5: Each complaint raised by Plaintiff with respect to her employment at Santa Clara University including grievances, time off from work, discipline, harassment, discrimination, and retaliation of all kinds.

Topic 9: The outcome of each lawsuit against Santa Clara University involving claims for race, gender, and disability discrimination, failure to accommodate, and failure to initiate a good faith interactive process, racial and gender harassment, and retaliation.

*Id.*, Ex. 1.  After receiving SCU's objections to the notice, Ms. Baker revised the deposition topics, including Topics 1, 5, and 9, which now state as follows:

> Topic 1: Each step taken to evaluate whether Plaintiff was subjected to discrimination, harassment and/or retaliation of any kind between December 2012 and December 2017; this includes and is not limited to investigations, interviews, documents reviewed, determinations made regarding the credibility of interviewees, and all other steps Defendant took before concluding whether Plaintiff was subjected to discrimination, harassment and/or retaliation of any kind between December 2012 and December 2017.
>
> Topic 1a: Defendant's conclusions regarding each allegation Plaintiff made of discrimination, harassment and/or retaliation of any kind between December 2012 and December 2017.
>
> Topic 5: Each complaint Plaintiff made verbally, or in writing, to a supervisory-level employee, including human resources regarding her belief that she was mistreated in the workplace in any way between December 2012 and December 2017.
>
> Topic 5a: Each action Defendant took in response to each of Plaintiff's complaints, verbally, or in writing, to a supervisory-level employee, including human resources, regarding her belief that she was mistreated in the workplace in any way between December 2012 and December 2017.
>
> Topic 9: The nature and outcome of each complaint made against any person that has ever worked with, or supervised Plaintiff, involving allegations of harassment, discrimination, and/or retaliation with respect to race and/or gender between December 2012 and December 2017.

*Id.* at 6–7, n.6.  Ms. Baker also moves to compel a deposition of SCU on Topic 11, which concerns the search for and production of responsive documents.  *Id.* at 4.

SCU opposes Ms. Baker's motion to compel deposition testimony on Topics 1/1a, 5/5a, and 9 on the ground that they do not describe the subject matter of the deposition with reasonable particularity.  *Id.* at 6, 7.  According to SCU, Ms. Baker has made so many allegations and complaints during the five-year period of time covered by the notice that it is not possible for SCU to adequately prepare a witness to testify to the broad scope of Topics 1/1a or 5/5a.  *Id.* at 7.  SCU's arguments with respect to Topic 9 are less clear.  SCU appears to contend that unless and

2

until Ms. Baker identifies the "people [she] accuses of violating her legal rights,"[1] it is not possible for SCU to prepare a representative to testify about prior complaints against those people. *Id.* at 7, n.6. SCU does not object on grounds of relevance, except to the extent that topics which are overbroad necessarily encompass matters not relevant to a claim or defense. Finally, SCU states that it has already agreed to produce a representative to testify to Topic 11. *Id.* at 6 n.5.

SCU is correct that a deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Topics 1/1a, 5/5a, and 9 do not satisfy that requirement. Ms. Baker does not dispute that between December 2012 and December 2017 she has made many allegations and complaints, both formal and informal, oral and written, to a number of different SCU employees, including supervisory-level employees. Presumably, she knows which of these allegations and complaints are at issue in her case against SCU and for which such allegations and complaints she requires deposition discovery of SCU. The noticed topics, even as revised, do not give SCU enough information to identify and adequately prepare a representative to testify about any particular allegations or complaints, and especially not in the level of detail that those topics appear to demand.

Accordingly, the Court denies Ms. Baker's motion to compel Rule 30(b)(6) deposition testimony of SCU, without prejudice.

If Ms. Baker wishes to take a Rule 30(b)(6) deposition of SCU on revised Topic 1/1a and/or revised Topic 5/5a, she must identify with reasonable particularity the allegations and complaints about which she wishes to question SCU. By way of example, a reasonably particular identification might be: "The formal written complaint made by Ms. Baker to SCU on [date]." Likewise, if Ms. Baker wishes to take a Rule 30(b)(6) deposition of SCU on revised Topic 9, she must identify the person or persons against whom prior complaints have been made. If Ms. Baker elects to proceed with a deposition on any aspect of Topics 1/1a, 5/5a, or 9, she must provide SCU with a written description of those matters with reasonable particularity, consistent with the terms of this order, no later than **5:00pm on August 2, 2018**.

---

[1] This is how Ms. Baker describes the relevant universe of prior complaints against others in explaining the relevance of Topic 9. Dkt. No. 64 at 4.

3

To the extent either party seeks an extension of the discovery deadlines in this case, those requests must be addressed to the assigned district judge.

**IT IS SO ORDERED.**

Dated: July 31, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge